THE NAVAJO NATION

Plaintiff-Appellee

vs.

ALEX CARTY

Defendant-Appellant

Decided on October 24, 1978

Wayne Cadman, Office of the Prosecutor, Window Rock, Arizona, for
 Plaintiff-Appellee

Kee Yazzie Mann, Chinle, Arizona, for Defendant-Appellant

Before NESWOOD, Acting Chief Justice, JOHN and LYNCH, Associate
 Justices

NESWOOD, Acting Chief Justice

I.

This case comes on appeal from a judgment of the Chinle
District Court finding the defendant, Alex Carty, guilty of Driving
While Intoxicated. The defendant was also found guilty of Failure to
Stop For An Emergency Vehicle and Not Possessing A Valid Driver's
License, but did not appeal these two charges because of the limitations
of 7 NTC 302. The Judgment and Mittimus for the three charges sen-
tenced the defendant to 75 days in jail or a fine of $140.00. It did not
differentiate the sentences for each charge.

The evidence, as it appears to this Court, was that the defen-

dant executed a right turn and in the process of turning drove his vehicle left of the center line. The police officer stopped the defendant and arrested him for Driving While Intoxicated after he smelled alcohol on the person.

According to the Prosecutor, no field sobriety or breath-alyzer tests were administered. The sole grounds for arresting the defendant, according to the Prosecutor, was the smell of alcohol and the fact that the defendant's clothes were dirty and his hair mussed.

II.

The sole issue for this Court to decide is whether the odor of alcohol on the person and dirty clothes are sufficient to convict a person of Driving While Intoxicated.

III.

After reading the Prosecutor's brief and listening to his oral argument, the Court concludes that Mr. Cadman is obviously unaware of the requirements of the Navajo Code to convict a person of Driving While Intoxicated. Were this Court to agree with the Prosecutor's reasoning, any person operating a motor vehicle with dirty clothes on might be charged and convicted of drunk driving. That dirty clothes do not make drunk driving is so obvious that this Court has difficulty believing that this argument was even made.

The additional facts presented are also insufficient to

substantiate the charge. The officer observed the defendant left of center on only one instance. That instance was when the defendant turned right - a time when many sober people also swing left of the center line.

This Court does not believe that the mere odor of alcohol is sufficient to convict a person of Driving While Intoxicated. There are other ways in which the smell of alcohol can be present without the person being intoxicated. The Navajo Police have available equipment to test the level of a defendant's intoxication. The Navajo Police can also administer field sobriety tests to determine whether or not a person is drunk. In this case, according to the Prosecutor, no test was administered at all.

If the Navajo Police desire to convict persons of Driving While Intoxicated, care should be taken to establish the requisite amount of proof. The amount of proof required in a criminal case, including traffic violations, is proof beyond a reasonable doubt. This proof cannot be established by a smell of alcohol and dirty clothes.

This Court has no alternative but to reverse the conviction for Driving While Intoxicated.

IV.

In reviewing the Judgment and Mittimus in this case, this Court has encountered several problems. The Judgment does not separ-

ate the sentences for each of the three charges, making it impossible for the Court to determine what portion of the sentence should be reversed.

Additionally, the Judgment states on one charge that the defendant was found guilty of violating 14 NTC 251, which is failure to stop for an emergency vehicle. However, the Judgment states "Failure to Exercise Due Care". Thus, the Judgment in this case is improperly prepared.

There is no alternative available to this Court except to reverse these convictions as well.

V.

For the reasons stated in parts III and IV of this opinion, the entire conviction in this case - No Valid Driver's License, Failure to Stop For An Emergency Vehicle and Driving While Intoxicated - is REVERSED.

The Navajo Nation is ORDERED to refund the defendant's fine of $140.00 within twenty days.

JOHN, Associate Justice and LYNCH, Associate Justice, concur.